DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
MATTHEW T. MATEJCEK, State Bar No. 319147
mmatejcek@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:       (415) 697-2000
Facsimile:        (415) 813-2045

Attorneys for Defendant
ERIC ROMBOUGH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRYONN DESHANN PUGH,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH, a municipal corporation, TAMMANY BROOKS, individually and in his official capacity as police chief for the CITY OF ANTIOCH, TONY MOREFIELD, individually and in his official capacity as interim police chief for the CITY OF ANTIOCH, STEVEN FORD, individually and in his official capacity as police chief for the CITY OF ANTIOCH, MATTHEW NUTT, individually and in his official capacity as a police officer for the CITY OF ANITOCH, JOSH EVANS, individually and in his official capacity as a police sergeant for the CITY OF ANTIOCH, ERIC ROMBOUGH, individually and in his official capacity as a police officer for the CITY OF ANTIOCH, MORTEZA AMIRI, individually and in his official capacity as a police officer for the CITY OF ANTIOCH, SCOTT DUGGAR, individually and in his official capacity as a police officer for the CITY OF ANTIOCH, TIMOTHY MANLY WILLIAMS, individually and in his official capacity as a police officer for the CITY OF ANTIOCH, THOMAS SMITH, individually and in his official capacity as a police officer for the CITY OF ANTIOCH, CALVIN PRIETO, | Case No. 3:24-cv-01774<br><br>**DEFENDANT ERIC ROMBOUGH ANSWER TO PLAINTIFF TERRYONN DESHANN PUGH'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

individually and in his official capacity as a police officer for the CITY OF ANTIOCH, ANDREA RODRIGUEZ, individually and in her official capacity as a police officer for the CITY OF ANTIOCH, JONATHAN ADAMS, individually and in his official capacity as a police officer for the CITY OF ANTIOCH, ROBERT GERBER, individually and in his official capacity as a police officer for the CITY OF ANTIOCH, Officer MARCOTTE, individually and in his official capacity as a police officer for the CITY OF ANTIOCH, and DOES 1-100, inclusive

Defendants.

Come now ERIC ROMBAUGH ("Defendant") in answer a complaint on file by plaintiff TERRYONN DESHANN PUGH ("plaintiff"), herein admit and allege as follows:

**INTRODUCTION**

1. In answer to the allegations of paragraph 1 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

2. In answer to the allegations of paragraph 2 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

3. In answer to the allegations of paragraph 3 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

4. In answer to the allegations of paragraph 4 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

659919.1

denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

5. In answer to the allegations of paragraph 5 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

**JURISDICTION AND VENUE**

6. In answer to the allegations of paragraph 6 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

**PARTIES**

7. In answer to the allegations of paragraph 7 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

8. In answer to the allegations of Paragraph 8 of the complaint, admitted

9. In answer to the allegations of paragraph 9 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

10. In answer to the allegations of paragraph 10 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

11. In answer to the allegations of paragraph 11 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

12. In answer to the allegations of paragraph 12 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

13. In answer to the allegations of paragraph 13 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

14. In answer to the allegations of paragraph 14 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

15. In answer to the allegations of paragraph 15 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

16. In answer to the allegations of paragraph 16 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

17. In answer to the allegations of paragraph 17 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

18. In answer to the allegations of paragraph 18 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

19. In answer to the allegations of paragraph 19 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

20. In answer to the allegations of paragraph 20 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

21. In answer to the allegations of paragraph 21 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

22. In answer to the allegations of paragraph 22 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

23. In answer to the allegations of paragraph 23 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

**FACTUAL ALLEGATIONS**

24. In answer to the allegations of paragraph 24 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

25. In answer to the allegations of paragraph 25 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

26. In answer to the allegations of paragraph 26 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

27. In answer to the allegations of paragraph 27 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

28. In answer to the allegations of paragraph 28 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

29. In answer to the allegations of paragraph 29 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

**TERRYONN PUGH – MARCH 2021 INCIDENT**

30. In answer to the allegations of paragraph 30 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

31. In answer to the allegations of paragraph 31 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

659919.1

his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

32. In answer to the allegations of paragraph 32 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

33. In answer to the allegations of paragraph 33 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

34. In answer to the allegations of paragraph 34 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

35. In answer to the allegations of paragraph 35 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

36. In answer to the allegations of paragraph 36 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

37. In answer to the allegations of paragraph 37 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

38. In answer to the allegations of paragraph 38 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing

his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

### TERRYONN PUGH – NOVEMBER 2020 INCIDENT

39. In answer to the allegations of paragraph 39 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

40. In answer to the allegations of paragraph 40 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

41. In answer to the allegations of paragraph 41 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

42. In answer to the allegations of paragraph 42 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

43. In answer to the allegations of paragraph 43 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

44. In answer to the allegations of paragraph 44 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

659919.1

# CAUSES OF ACTION FOR PLAINTIFF TERRYONN PUGH

## TERRYONN PUGH'S FIRST CAUSE OF ACTION

**(U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff TERRYONN PUGH against Defendants EVANS, ADAMS, DUGGAR, GERBER, T. SMITH, MARCOTTE, MANLY WILLIAMS, ROMBOUGH, PRIETO, RODRIGUEZ, NUTT, and DOES 1 - 100)**

45. In answer to the allegations of paragraph 45 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

46. In answer to the allegations of paragraph 46 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

47. In answer to the allegations of paragraph 47 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

## TERRYONN PUGH'S SECOND CAUSE OF ACTION

**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff TERRYONN PUGH Against Defendants EVANS, ADAMS, DUGGAR, GERBER, T. SMITH, MARCOTTE, MANLY WILLIAMS, ROMBOUGH, PRIETO, RODRIGUEZ, NUTT, and DOES 1 - 100)**

48. In answer to the allegations of paragraph 48 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

659919.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  49. In answer to the allegations of paragraph 49 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

### TERRYONN PUGH'S THIRD CAUSE OF ACTION

### (42U.S.C. § 1981 - Malicious Prosecution)

### (Plaintiffs TERRYONN PUGH against EVANS, ADAMS, DUGGAR, GERBER, T. SMITH, MARCOTTE, MANLY WILLIAMS, ROMBOUGH, PRIETO, RODRIGUEZ, NUTT, and DOES 1 - 100)

50. In answer to the allegations of paragraph 50 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

51. In answer to the allegations of paragraph 51 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

52. In answer to the allegations of paragraph 52 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

### TERRYONN PUGH'S FOURTH CAUSE OF ACTION

### *Monell* - 42 U.S.C. § 1983

### (All Plaintiffs Against Defendants CITY, BROOKS, MOREFIELD, FORD, and DOES 1-100)

53. In answer to the allegations of paragraph 53 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing

his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

54. In answer to the allegations of paragraph 54 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

55. In answer to the allegations of paragraph 55 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

56. In answer to the allegations of paragraph 56 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

57. In answer to the allegations of paragraph 57 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

58. In answer to the allegations of paragraph 58 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

59. In answer to the allegations of paragraph 59 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

60. In answer to the allegations of paragraph 60 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

659919.1

his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

61. In answer to the allegations of paragraph 61 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

62. In answer to the allegations of paragraph 62 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

63. In answer to the allegations of paragraph 63 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

64. In answer to the allegations of paragraph 64 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

65. In answer to the allegations of paragraph 65 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

66. In answer to the allegations of paragraph 66 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

///

///

# TERRYONN PUGH'S FIFTH CAUSE OF ACTION

# 42 U.S.C. § 1985-86 – Conspiracy To Violate Civil Rights

# (Against All Defendants, and DOES 1 - 100)

67. In answer to the allegations of paragraph 67 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

68. In answer to the allegations of paragraph 68 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

69. In answer to the allegations of paragraph 69 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

70. In answer to the allegations of paragraph 70 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

71. In answer to the allegations of paragraph 71 of the complaint, this defendant has no information or belief to enable him to answer said allegations, and for that reason and basing his denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

///

///

///

///

///

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

659919.1

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's cause of action is barred by reason of the provisions of California Code of Civil Procedure sections 335.1, 340, and 343.

SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's cause of action is barred by the statute(s) of limitations as set forth in Government Code Sections 901, 945.4, 945.6, 945.8, and all other applicable statutes of limitations.

THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs were guilty of willful misconduct and wanton and reckless behavior in and about the matters and events set forth in said complaint; and that said willful misconduct and wanton and reckless behavior contributed to the injuries and damages alleged, if any there were.

FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiffs willfully, wrongfully, unlawfully, and without just cause or provocation made an assault and battery against and upon the person of defendant, Eric Rombough; defendant Eric Rombough, thereupon necessarily defended himself and such acts of force complained of were committed in the necessary protection of defendant's body and person.

Prior to the time when defendant is alleged to have committed the acts complained of, plaintiffs willfully, wrongfully, and unlawfully made an assault upon defendant Eric Rombough and would have beaten, bruised, and ill-treated him if defendant had not immediately defended

himself against said assault; and in so doing, defendant Eric Rombough necessarily and unavoidably came in contact with plaintiffs and threatened plaintiffs, but no more than was necessary for said defense.

Any damages or injuries suffered by plaintiffs were occasioned by their own wrongful acts; and the acts of defendant, Eric Rombough mentioned above are the same acts of which plaintiffs complain.

## FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

At the time and place mentioned in the complaint, plaintiffs willfully, wrongfully, and unlawfully, and without just cause or provocation made an assault and battery against and upon the person of defendant, Eric Rombough and other persons present. Plaintiffs would have beaten, bruised, and seriously injured said person if defendant, Eric Rombough had not defended himself and others against the acts of plaintiffs. If, in defending himself and others, defendant Eric Rombough unavoidably touched and threatened plaintiffs, defendant, Eric Rombough used only the force reasonably necessary to prevent plaintiffs from further injuring him and other persons present.

Any damages or injuries suffered by plaintiffs were occasioned by their own wrongful acts; and the acts of defendant, Eric Rombough mentioned above are the same acts of which plaintiffs complain.

## SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The plaintiffs willfully and wrongfully provoked the altercation in which they were involved, and said provocation by plaintiffs was a cause of the injuries and damages allegedly sustained.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant, Eric Rombough alleged employee mentioned in plaintiff's complaint was, at all times, duly qualified, appointed and acting police officer of City of Antioch and peace officer of the State of California and in accordance with the Constitution of the United States and the State of California and the laws of the United States and the laws of the State of California; and at all times mentioned herein, said officer was engaged in the performance of his regularly assigned duties within the scope of his duties as peace officer of the City of Antioch.

## EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR A EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

This answering defendant acted in good faith and with a reasonable belief that the actions were lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The acts of this answering defendant was lawful and proper and in all respects was reasonable and legal.

## TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

In this connection probable cause existed to believe that plaintiffs had committed a public offense and, therefore, probable cause existed to detain and/or arrest plaintiffs.

///

///

///

16

DEF ERIC ROMBOUGH'S ANSWER
3:24-CV-01774

659919.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

## ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

At all times relevant to this litigation, plaintiffs were subject to restraint as was reasonably necessary for their detention and/or arrest.

## TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

At all times relevant to this litigation, reasonable cause existed to believe that plaintiffs had committed a public offense and, therefore, reasonable force was used to effect plaintiff's arrest, to prevent escape or to overcome resistance.

## THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

At all times relevant to this litigation, plaintiffs consented either expressly or impliedly, to any such acts or conduct as may be shown on the part of this answering defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendants are immune from 42 U.S.C. §1983 liability pursuant to the doctrine of qualified immunity. See *White v. Pauly*, 137 S. Ct. 548 (2017), *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims for punitive or exemplary damages violate defendants' right to procedural due process, substantive due process, and protection from "excessive" fines as

guaranteed by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, respectively, and the Constitution of the State of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiffs assumed the risk of any injuries and/or damages resulting from the matters set forth in said complaint, and that said assumption of risk by plaintiff were a cause of the injuries and/or damages alleged by plaintiffs, if any there were.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiffs were themselves negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to their alleged injuries and/or damages. A verdict of the jury in favor of plaintiffs, if any, which may be rendered in this case must therefore be reduced by the percentage that plaintiffs' negligence contributed to the accident and injuries complained of, if any there were.

## EIGHTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the complaint does not state facts sufficient to constitute a cause of action against this answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs failed to mitigate their damages.

///

///

///

18

DEF ERIC ROMBOUGH'S ANSWER
3:24-CV-01774

## TWENTIETH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

At all times mentioned in the complaint, defendant was a public employee of the City of Antioch and if he performed any of the acts or omissions alleged as the basis of the complaint, the acts or omissions were the result of the exercise of the discretion vested in him. Defendant is therefore immune from liability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

At all times mentioned in the complaint, Defendant, Eric Rombough is not liable for any of these acts or omissions alleged in the complaint because the complaint only alleges that Defendant, Eric Rombough is liable based on the acts or omissions of others.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant is informed and believes that the complaint and each cause of action thereof is barred by the doctrines of laches, unclean hands, waiver and estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That this answering defendant presently has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses. This answering defendant reserves the right to answer additional affirmative defenses in the event discovery indicates it would be appropriate.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, defendants prays that plaintiff takes nothing by way of the complaint on file herein and that defendants have judgment for their costs, attorneys' fees and for such other and further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Defendant Eric Rombough hereby demands a jury trial.

Respectfully submitted,

Dated: June 24, 2024

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP

By: _/s/ Dale L. Allen_
DALE L. ALLEN, JR
MATTHEW T. MATEJCEK
Attorneys for Defendant
ERIC ROMBOUGH